IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**LANCE JOSEPH PARKER**                                                     **PLAINTIFF**

V.                                    CASE NO. 3:20-CV-03011

**JUDGE SCOTT JACKSON; JUDGE
GARY ARNOLD; PROBATION OFFICER
SUZANNE VILLINES; DANIEL MEHN,**
Carroll County Sheriff's Office (CCSO);
**PROSECUTING ATTORNEY TONY ROGERS;
JUDGE SAM BARR; and PUBLIC DEFENDER
ROBERT BO ALLEN**                                                          **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff, Lance Joseph Parker, pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

According to the allegations of the Amended Complaint (Doc. 5), on August 9, 2019, Parker was unlawfully arrested, falsely imprisoned, and subjected to "malicious gang stalking" by the Defendants. *Id.* at 5. Parker asserts his arrest was based on false, malicious, and unlawful reports. He maintains Defendants have engaged in an abuse of power.

1

Parker alleges Probation Officer Suzanne Villines filed a false report on him with Prosecuting Attorney Tony Rogers. According to Parker, they knowingly tried to prosecute him for having a personal relationship with an alleged victim in a case against him. Parker maintains he requested a new judge because Judge Scott Jackson had a conflict of interest due to the fact that Parker's "ex-girlfriend" taught Judge Jackson's son in school and also tutored him.

According to Parker, Public Defender Robert Bo Allen, Judge Sam Barr, Prosecutor Rogers, Judge Gary Arnold, and Judge Jackson all met in the judges' chambers before his court date to set bond. Parker contends the meeting exhibited malicious behavior against him. Parker alleges he had a prior relationship with Judge Barr and was raised like his grandson. During the last year, Parker maintains that he lived with Judge Barr.

Parker contends that several people have told him that he was being deliberately subjected to cruel and unusual punishment at the detention center. According to Parker, another inmate told him to watch himself because the "higher ups" were against him. Parker believes he has been subjected to unlawful conditions of confinement, including the jail officials' failure to turn on the heat and failure to provide him with medical care. Parker further suggests all parties involved are members of a cult or a mafia.

With respect to Daniel Mehn of the Carroll County Sheriff's Office, Parker contends he wrote a false report and followed through with an unlawful arrest. Parker asks to be put in protective custody or moved to a different facility.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law and that (2) he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

## A. Public Defender Robert Bo Allen

Defendant Allen represented Parker during his criminal proceedings. Defendant Allen is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir. 1999). Defendant Allen was not acting under color of state law while representing Plaintiff in his criminal proceedings. *Polk Cnty. v. Dodson,* 454 U.S. 312, 324 (1981) (finding that neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings). Accordingly, Parker has failed to state cognizable claims under § 1983 against Defendant Allen. These claims are dismissed with prejudice.

## B. Judges Jackson, Arnold, and Barr

Defendants Jackson, Arnold, and Barr are state court judges who apparently presided over some portion of Plaintiff's criminal proceedings. Judges are generally immune from lawsuits. *See Mireles v. Waco,* 502 U.S. 9, 11 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles,* 502 U.S. at 11; *see also Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will

4

be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal citations omitted).

Here, Parker has alleged the existence of a conflict of interest on the part of Judges Jackson and Barr. With respect to Judge Arnold, Parker merely alleges he took part in an in-chambers meeting with counsel for both sides during which bond was determined. Setting bond is a judicial act and Parker has not alleged that any of the judges acted without jurisdiction. Rather, he alleges Judges Jackson and Barr should have been removed from the case based on a conflict of interest.

Parker has failed to allege any action by Defendants Jackson, Arnold, or Barr was non-judicial or taken without jurisdiction. Accordingly, Defendants Jackson, Arnold, and Barr are immune from suit and the claims against them are dismissed with prejudice.

### C. Prosecutor Tony Rogers

Parker's claims against Prosecutor Rogers must be dismissed because prosecutors are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Parker has failed to allege that Prosecutor Rogers engaged in any conduct other than actions taken in connection with his duties as a prosecuting attorney. Accordingly, Defendant Rogers is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (determining that county prosecutors were entitled to absolute immunity from suit). The claims against Defendant Rogers are dismissed with prejudice.

### D. Probation Officer Villines

Parker's sole allegation against Probation Officer Villines is that she completed a false probation violation report about him and provided it to Prosecutor Rogers. "[T]he extent of immunity accorded an official depends solely on the officials' function." *Figg v. Russell*, 433 F.3d 593 (8th Cir. 2006) (citing *Nelson v. Balazic*, 802 F.2d 1077, 1078 (8th Cir. 1986)). When a parole officer issues a violation report, the Eighth Circuit has held that she is not entitled to absolute immunity because this act does not constitute a quasi-judicial function. *See Anton v. Getty*, 78 F.3d 393, 395-97 (8th Cir. 1996); *Jones v. Moore*, 986 F.2d 251, 253 (8th Cir. 1993); *Ray v. Pickett*, 734 F.2d 370, 372-75 (8th Cir. 1984). In other words, "when parole and probation officers file reports to judicial officers alleging parolees have violated their parole—an act more akin to that of a police officer deciding whether there is probable cause for an arrest—they do not exercise the same degree of discretion as a prosecutor in initiating a criminal prosecution." *McKay v. City of St. Louis*, No. 4:15-cv-01315, 2016 WL 4594142, *7 (E.D. Mo. Sept. 2, 2016).

Probation Officer Villines may still be entitled to qualified immunity. However, the Court cannot make that determination on the basis of the allegations in the Amended

Complaint. Parker has asserted a plausible claim that Probation Officer Villines violated his constitutional rights by knowingly filing a report containing false information and providing the report to the prosecuting attorney.

### E. Defendant Daniel Mehn[1]

Parker alleges that Defendant Mehn "wrote false reports" and unlawfully arrested him. (Doc. 5 at 8). In *Franks v. Delaware*, 438 U.S. 154, 171 (1978), the Supreme Court held that a warrant based upon an affidavit containing a deliberate falsehood or reflecting a reckless disregard for the truth violates the Fourth Amendment. *See also Hunter v. Namanny*, 219 F.3d 825, 829 (8th Cir. 2000) (finding that officer was alleged to have made false statements in an affidavit to obtain an arrest warrant). Parker has stated a plausible claim against Defendant Mehn.

### F. Denial of Medical Care and Conditions of Confinement

Parker makes general allegations that he was denied medical care for a rash and is being subjected to inhumane conditions of confinement. However, Parker does not identify the individuals involved in the alleged violations of his civil rights. Parker does not allege enough facts to state a claim to relief that is plausible on its face. Parker will be given the opportunity to amend his complaint to name the individual(s) he believes personally violated his constitutional rights.

### IV. CONCLUSION

For the reasons stated above, Parker's claims against Judge Scott Jackson, Judge Gary Arnold, Prosecuting Attorney Tony Rogers, Judge Sam Barr, and Public Defender

---

[1] No rank is given for this Defendant.

Robert Bo Allen are dismissed on the grounds that they fail to state claims upon which relief may be granted or are asserted against individuals immune from suit. 28 U.S.C. § 1915A(b).

By separate order the Complaint will be served on Probation Officer Suzanne Villines and Daniel Mehn. Parker will also be given an opportunity to amend his complaint to identify those individuals who denied him medical care and subjected him to unconstitutional conditions of confinement.

**IT IS SO ORDERED** on this 14th day of February, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE