IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**LANCE JOSEPH PARKER**                                                                                             **PLAINTIFF**

**V.**                                              **CASE NO. 3:20-CV-03011**

**PROBATION OFFICER SUZANNE
VILLINES; and DANIEL MEHN,
Carroll County Sheriff's Office (CCSO)**                                                 **DEFENDANTS**

### OPINION AND ORDER

This is a civil rights action filed by Plaintiff Lance Joseph Parker pursuant to 42 U.S.C. § 1983. Parker proceeds *pro se* and *in forma pauperis*. The case is before the Court on the Motion to Dismiss (Doc. 19) filed by Probation Officer Suzanne Villines. Parker has responded to the Motion (Doc. 28).

### I. BACKGROUND

According to the allegations of the Amended Complaint, Villines, a probation officer, submitted a false and malicious report that resulted in Parker's arrest. (Doc. 5, p. 5). Villines is alleged to have submitted the false report to the prosecuting attorney, Tony Rogers.[1] *Id.* at 7. Parker maintains that Villines abused her "power and authority." *Id.* at 9. Parker was arrested and is currently being detained. *Id.* at 4–5.

Parker also names Daniel Mehn[2] of the Crawford County Sheriff's Office as a Defendant. Specially, Parker alleges that "Mehn wrote false reports [and] followed thru

---

[1] Tony Rogers was dismissed as a party to this action by Opinion and Order (Doc. 10) entered on February 14, 2020.

[2] No rank is specified.

1

with a[n] unlawful arrest and reports." *Id.* at 8. Parker also alleges that inmates at the Crawford County Detention Center ("CCDC") have encouraged him to bring Eighth Amendment claims in this lawsuit, as Parker believes his treatment at the CCDC has been "horrible." *Id.* Parker does not claim in his Amended Complaint that Mehn is responsible for his poor treatment at the CCDC.

Parker is in the CCDC awaiting trial. According to the docket sheet in his criminal case, he is charged with a felony offense of threatening a judicial officer/jury.[3] *State v. Parker*, 08ECR-19-179.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

---

[3] Public records, including some court documents, may be considered on a motion under Rule 12(b)(6). *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

## III. DISCUSSION

It is a settled principle of comity that state courts should be allowed to exercise their functions without interference from the federal courts, particularly when a state criminal trial is pending. *Hicks v. Miranda*, 422 U.S. 332 (1975). In *Younger*, the Court held that absent extraordinary circumstances, federal courts should not interfere with state criminal prosecutions. *Younger*, 401 U.S. at 54. The *Younger* abstention doctrine applies "if the proceeding: (1) involves an ongoing state judicial proceeding, (2) implicates an important state interest, and (3) provides an adequate opportunity to raise constitutional challenges in the state proceeding." *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011).

Clearly, *Younger* abstention applies to this case. Parker's state criminal case was pending when he filed this case and is still pending. Parker indicates that he filed this case precisely so that it would interrupt and interfere with his state criminal case. There are important state law interests involved in enforcing the state's criminal laws and in allowing state courts to administer their own cases. Parker has not identified any barrier to his ability to raise in state court his claims about unlawful arrest and the filing of a false and malicious probation report. In fact, these claims are more properly asserted in the state criminal case because they go directly to the issue of whether the state had probable cause to arrest Parker and hold him for trial. The Court therefore concludes that all claims against Villines and Mehn are subject to dismissal under *Younger* abstention, and there is no need to address Villines' alternative argument about whether Parker adequately exhausted his administrative remedies.

3

## IV. CONCLUSION

For the reasons stated, Probation Officer Suzanne Villines' Motion to Dismiss (Doc. 19) is **GRANTED, AND THIS CASE IS DISMISSED** in its entirety. Plaintiff may raise his conditions of confinement claims in a separate lawsuit, if desired.

**IT IS SO ORDERED** on this 23rd day of April, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE